## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## VALDOSTA DIVISION

**ROBERT HEARD,**

      Plaintiff,

v.                                                                                   Civil Action No. 7:16-CV-166 (HL)

**MARTY ALLEN, et al.,**

      Defendants.

## ORDER

On September 16, 2016, Plaintiff Robert Heard filed his *pro se* Complaint
(Doc. 1) against Defendants Marty Allen, Frank Sosebee, Jamie Campbell, the
Hall County Sheriff's Department, and the Gainesville Police Department,
alleging unspecified violations of his constitutional rights pursuant to 42 U.S.C.
§ 1983. The Court on October 4, 2016, entered an Order (Doc. 4) granting
Plaintiff's motion to proceed *in forma pauperis* ("IFP") and directing Plaintiff to file
a recast complaint setting forth (1) what each defendant did or did not do to
violate his constitutional rights; (2) when the violation occurred; and (3) what
injury Plaintiff suffered as a result of each defendant's actions. Plaintiff filed his
Amended Complaint on October 18, 2016. The Court now must review his
Complaint to determine whether it (1) is frivolous or malicious; (2) fails to state a
claim for which relief may be granted; or (3) seeks monetary relief against a
defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

## I.     Preliminary Screening

### A.      Standard of Review

Because Plaintiff is proceeding IFP, the Court is required to screen the complaint and to dismiss it, or any portion thereof, if it (1) is frivolous or malicious; (2) fails to state a claim for which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).  A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" and the legal theories "indisputably meritless," or when it is apparent that "the defendant's absolute immunity justifies dismissal before service of process." Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). A complaint is subject to dismissal for failure to state a claim when it does not include sufficient factual matter, taken as true, to permit a "reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). However, since Plaintiff is proceeding *pro se*, his "pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Boxer X v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006) (citations omitted).

To state a claim for relief under § 1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the

Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. Hale v. Tallapoosa County, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. See Chappell v. Rich, 340 F.3d 1279, 1282-84 (11th Cir. 2003).

### B.    Factual Allegations

Plaintiff's claims appear arise in part from his imprisonment at Valdosta State Prison ("VSP") and in part from events that took place following his release. Plaintiff contends that on March 5, 2014, Defendant Allen, the warden at VSP, moved him from H-Building to F-Building for the purpose of having a Muslim inmate assault Plaintiff. (Doc. 6, p. 1-2). On that same date, Plaintiff arrived at his sister's resident in Gainesville, Georgia. Plaintiff then contends that several days later, between March 8 and 10, Defendant Allen conspired with Defendant Sosebee, Plaintiff's cousin, and Defendant Campbell, an attorney in Gainesville, Georgia, to file a lawsuit against Plaintiff. (Id.).

Plaintiff next contends that he contacted the Federal Bureau of Investigation ("FBI") on September 9, 2014. The FBI allegedly informed Plaintiff that the Hall County Sheriff's Department and the Gainesville Police Department had possession of Plaintiff's money and property. (Id. at p. 3). Plaintiff further

avers that in October 2014, two Sheriff's deputies removed him from the Hall County District Attorney's office.

Then, Plaintiff claims that on September 26, 2014, he was hit by a white pickup truck bearing government tags. (Id. at p. 4). He states that the truck was later found but not the driver. (Id.). In 2015, some unnamed individual purportedly contacted him suggesting that if this unknown person were to admit to being responsible for hitting Plaintiff, they then could "split the money" and each have $5 million in a safe deposit box. (Id.). According to Plaintiff, once Defendants learned that "I know . . . [Defendant Campbell] takes money and . . . told me his was in Mexico." (Id.).

Plaintiff alleges that June or July 2015 he was assaulted again when a law enforcement officer took his "writings" and sold them. (Id.).

Plaintiff contends that as a result of Defendants' conspiracy, he has "been living in the streets of Gainesville, Ga. as a deterant [sic] to stop me from filing suits." (Id. at p. 5). He has been unable to obtain a job or housing because every time he "appl[ies] for a house, loan or whatever it is blocked by them." (Id.). According to Plaintiff, the Sheriff's Department further prevented him from using the law library and barred him from the courthouse. (Id.).

In summation, Plaintiff states "that being clothed with law the defendants violated my constitutional rights, conspired to deny me due process and equal

protection, as a black male that has no recourse in any other place but court." (Id.). Further, by failing to perform their duties, Defendants caused Plaintiff "unmerited duress, abuse, I can't bathe, I have had one bath since April 1, 2016." (Id. at p. 5-6). Plaintiff claims that Defendants were motivated to harm Plaintiff by their desire to become millionaires. (Id. at p. 6).

### 1.   Claims against Defendant Allen

To the extent that Plaintiff attempts to bring a claim under § 1983 against Defendant Allen for purportedly arranging an assault on Plaintiff by another inmate, Plaintiff's claims are barred by the statute of limitations. "Federal courts apply their forum state's statute of limitations for personal injury actions to actions brought pursuant to 42 U.S.C. § 1983." Uboh v. Reno, 141 F.3d 1000, 1002 (11th Cir. 1998). Georgia's statute of limitations is two years. Thigpen v. Bibb Cnty., Ga., Sheriff's Dep't, 223 F.3d 1231, 1243 (11th Cir. 2000). Plaintiff avers that the assault occurred on March 5, 2014. Plaintiff did not file this lawsuit until September 16, 2016, more than two years after the alleged attack. Plaintiff's claim is thus procedurally barred.

Plaintiff's remaining claims against Defendant Allen revolve around his assertions that Defendant Allen organized a conspiracy to file a lawsuit against Plaintiff, to prevent Plaintiff from obtaining housing and employment, and generally to violate his rights and deny him due process and equal protection.

Plaintiff's claims not only fail to state a claim but are also factually frivolous as they are "clearly baseless," "fanciful," "fantastic," and "delusional." See Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993); Denton v. Hernandez, 504 U.S. 25, 31-22 (1992) ("a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible").

### 2. Claims against Defendant Hall County Sheriff's Department and the Gainesville Police Department

Neither the Hall County Sheriff's Office nor the Gainesville Police Department is an entity capable of being sued. In federal court, whether or not an entity has the capacity to be sued is determined by the law of the state where the court is located, which in this case is Georgia. Fed.R.Civ.P. 17(b)(3). Under Georgia law, only three classes of legal entities are capable of suing or being sued: (1) natural persons; (2) corporations; and (3) quasi-artificial persons that the law recognizes as being capable of bring suit. Ga. Insurers Insolvency Pool v. Elbert Cnty., 258 Ga. 317, 318 (1988). The Eleventh Circuit has indicated that "[s]heriff's departments and police departments are not usually considered legal entities subject to suit" under Georgia law and, therefore, may not be properly sued as a party in federal court. Lawal v. Fowler, 196 F. App'x 765, 768 (11th Cir. 2006) (quoting Dean v. Barber, 951 F.2d 1210, 1214 (11th Cir. 1992)). Plaintiff's

claims against the Hall County Sheriff's Office and the Gainesville Police Department therefore must be dismissed.

**3.    Claims against Defendants Campbell and Sosebee**

Plaintiff has failed to state any cognizable claim against Defendants Sosebee and Campbell. Plaintiff only summarily states that these two Defendants were involved in a general conspiracy with Defendant Allen but points to no actions taken by either individual to deprive Plaintiff of any particular Constitutional right or privilege. Plaintiff's claims against Defendants Campbell and Sosebee are accordingly dismissed.

## II.    Conclusion

Finding Plaintiff's claims frivolous and determining that any amendment would be futile, the Court dismisses Plaintiff's Amended Complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2).

**SO ORDERED** this 27th day of February, 2017.

*s/ Hugh Lawson*_____
**HUGH LAWSON, SENIOR JUDGE**

aks